STATE ex *rel.* ALLEN, COMMISSIONER OF DEPARTMENT OF HIGHWAYS AND PUBLIC WORKS, *et al. v.* COOK.

(*Jackson*, April Term, 1937.)

Opinion filed June 17, 1937.

Jacobs H. Doyle and Elkin Garfinkle, both of Nashville. for appellant.

Roy H. Beeler, Attorney General, and Wm. C. Cook, Assistant Attorney General, for appellees.

Mr. Justice DeHaven delivered the opinion of the Court.

Defendant, W. K. Cook, recovered a judgment against relator, James Neely Church, a state employee, and had garnishment served upon the official relators above named. Thereupon the bill herein was filed seeking to enjoin defendant from prosecuting his garnishment proceedings upon the ground that the statute, chapter 134, Public Acts 1933, authorizing the same is unconstitutional and void because it violates article 1, section 17, and article 2, section 17, of the Constitution of the State of Tennessee. The statute in question is as follows:

"A bill to be entitled An Act to amend Section 7714 of the Code of Tennessee passed by the General Assembly of the State of Tennessee in 1931 known as the Code of 1932, so as to provide that salaries of officials and employees of the State of Tennessee shall be subject to garnishment of their debts.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 7714 of the Code of Tennessee passed by the General Assembly of the State of Tennessee in 1931, known as the Code of 1932, be, and the same is, hereby amended by inserting after the words 'compensation due from' in line three of said Section on Page 1737 of the printed Code, and before the words 'any county or municipality' in said line, the words, 'The State of Tennessee,' so as to make the salary of any such official or employee of the State of Tennessee

subject to garnishment for his indebtedness in the same way that the salary of any county or municipal official or employee is subject to garnishment for his debts.

"Sec. 2. Be it further enacted, That garnishment notice in such cases shall be served on the Comptroller of the State of Tennessee and the Commissioner of that department in which such official or employee shall be engaged or with which he or she is connected.

"Sec. 3. Be it further enacted, That all laws and parts of laws in conflict with this Act be, and the same are, hereby repealed, and that this Act take effect from and after its passage, the public welfare requiring it."

Section 7714 of the Code, before the above amendment was as follows:

"Garnishment of salaries, wages or other compensation due from any county or municipality to any officer or employee thereof is permissible, and no county or municipal officer or employee may validly claim any privilege or immunity in that regard; provided that such officer or employee shall be entitled to an exemption of the amount of his wages, salary or compensation, so due, as is exempt from levy or garnishment in favor of officers or employees of private corporations in like circumstances as set forth in the sections above."

The pertinent part of article 1, section 17, of the Constitution, is as follows:

"Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

Upon demurrer to the bill, the chancellor held that the act in question was unconstitutional and void because it violated the above provision of the Constitution. De-

fendant prayed and was allowed an appeal to this court.

■■ It is elementary that a state cannot be sued in its own courts, without its consent. This is a privilege of sovereignty. Statutes passed by the Legislature, under the authority of article 1, section 17, of the Constitution, permitting suits against the state, being in derogation of the sovereign's exemption from suits, must be strictly construed. 59 C. J., 303.

■ It is contended on behalf of the relators that a statute to be valid under the above provision of the Constitution must provide the manner and designate the court or courts in which action against the state may be brought. We think this is undoubtedly true.

■ The defendant contends that the constitutional requirement that the Legislature direct the "manner" in which the state may be sued is taken care of in the act by the provision that the garnishment proceedings shall be "in the same way that the salary of any county or municipal official or employee is subject to garnishment for his debts." However, the act in question, when read in connection with sections 8646, 9437, 9438, and 9439 of the Code, is not workable against the state. These sections provide the manner in which garnishment may be brought to final judgment and be collected by execution. As stated in the brief for the relators, should final judgment after the issuance of *scire facias* be set up against the comptroller and the commissioner of the department in which the employee is engaged, there would be no further remedy save possibly a *mandamus* suit to compel the comptroller and the commissioner to issue vouchers in payment of the judgment and to perform a ministerial duty. It seems obvious, therefore, that the

Legislature failed to designate a full and complete "manner" in which the state can be sued in a garnishment proceeding.

In *Bank of Tennessee* v. *Dibrell*, 35 Tenn. (3 Sneed), 379, 383, the court said:

"But, independent of this consideration, the relations of debtor and creditor, in the sense of the attachment and garnishee laws, does not exist between the State and its employees. The funds set apart for that purpose belong to the State, and not to him who renders such service, until they pass out of the treasury and the hands of disbursing agents."

In 12 R. C. L., 841, 842, under the title "Public Officer," it is stated:

". . . moneys sought to be garnished, as long as they remain in the hands of the disbursing officers of the government, belong to the latter, although the defendant in garnishment may be entitled to a specific portion thereof; consequently it cannot, in a legal sense, be considered a portion of his effects, and, therefore, is not liable to garnishment, under process issued for the purpose of levying upon and subjecting such individual's property to the satisfaction of a judgment recovered against him."

■ Since money in the state treasury belongs to the state until actually disbursed, and the relation of debtor and creditor, in the sense of the garnishment laws, does not exist between the state and its employees, no judgment could be properly entered against the state in a garnishment proceeding. Such a suit would fall within the inhibitions of section 8634 of the Code providing for the dismissal of suits against the state which seek to reach the state's treasury, funds, or property. This

situation may, of course, be changed by proper legislation.

Article 1, section 17, of the Constitution, delegating to the Legislature the power to authorize suits against the state, being in derogation of the state's inherent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which such suits may be brought as to leave nothing to surmise or conjecture.

Our conclusion is that the decree of the chancellor is without error and it is accordingly affirmed.

Defendant will pay the costs of the appeal.