LEATRICE BREWINGTON

*v.*

JAMES LEWIS BREWINGTON and the STATE OF TENNESSEE.

387 S.W.2d 777.

(*Nashville*, December Term, 1964.)

Opinion filed March 4, 1965.

J. B. WATSON, JR., Nashville, for complainant.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for defendant, State of Tennessee.

Mr. Justice White delivered the opinion of the Court.

The State of Tennessee petitioned this Court for writs of certiorari and supersedeas upon the trial judge's refusal to dismiss this action against the State upon motion. We granted the writs.

The question presented here arises out of a divorce proceeding filed by the complainant against her husband, an employee of the State of Tennessee at the Mid-State Tuberculosis Hospital. The State was made a party defendant to the suit for the purpose of obtaining funds in the State Treasury contributed by the defendant to the Tennessee State Retirement System and/or earned by the defendant (wages), but not yet paid over to him.

The trial judge dismissed the suit as pertaining to the funds in the Tennessee State Retirement System under authority of T.C.A. sec. 8-3516, which exempts all retirement allowances and benefits of State employees from taxation, execution and assignment. However, the judge ordered the attachment of the wages which had been earned by the defendant, stating that "this attachment does not in any manner whatsoever attempt to reach the

Treasury of the State of Tennessee." Further, the trial judge held that under T.C.A. sec. 26-518, which provides for the garnishment of State employee's wages, the attachment would lie.

■ We must take issue with the statement that the proposed attachment does not attempt to reach the Treasury of the State of Tennessee in view of the holding in *State, ex rel. Allen v. Cook,* 171 Tenn. 605, 106 S.W.2d 858 (1937), as follows:

"Since money in the state treasury belongs to the state until actually disbursed, and the relation of debtor and creditor, in the sense of the garnishment laws, does not exist between the state and its employees, no judgment could be properly entered against the state in a garnishment proceeding. Such a suit would fall within the inhibitions of section 8634 [T.C.A. sec. 20-1702] of the Code providing for the dismissal of suits against the state which seek to reach the state's treasury, funds, or property. This situation may, of course, be changed by proper legislation." 171 Tenn. at 610-611, 106 S.W.2d at 860.

In our opinion, the question presented is basically one of statutory analysis. To determine whether the action of the trial court was valid, we must carefully examine three distinct areas of legislation, i. e. attachment, attachment by garnishment, and garnishment. These terms are by no means synonymous, although it appears counsel may have thought them to be.

The question presented, then, is whether the trial court could validly issue (1) an attachment, (2) an attachment by garnishment, or (3) a garnishment against the State to gain access to wages due a State employee, but not yet paid over.

As background, we think it important and significant to outline the rights of the State of Tennessee as a sovereign. According to Article I, Section 17 of the Constitution of the State of Tennessee, suits may be brought against the State in such a manner and in such courts as the Legislature may by law direct, and in no other manner.

In view of this, the Legislature has expressly provided by statute (T.C.A. sec. 20-1702) as follows:

"No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state."

■■ In the case of *State, ex rel. Allen v. Cook,* supra, the Court said:

"Article 1, section 17, of the Constitution, delegating to the Legislature the power to authorize suits against the state, being in derogation of the state's inherent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which such suits may be brought as to leave nothing to surmise or conjecture." 171 Tenn. at 611, 106 S.W.2d at 860.

■ Likewise, in the recent case of *Hill v. Beeler,* 199 Tenn. 325, 286 S.W.2d 868 (1956), this Court stated:

"The State of Tennessee, as a sovereign, is immune from suit except as it consents to be sued. Article I, Sec. 17, Constitution of Tennessee; Code Section 8634; *Scates v. Board of Commissioners of Union City,* 196 Tenn. 274, 265 S.W.2d 563; *Phillips v. Marion County,* 166 Tenn. 83, 59 S.W.2d 507; *Quinton v. Board of Claims,* 165 Tenn. 201, 54 S.W.2d 953; *Insurance Co. v. Craig,* 106 Tenn. 621, 62 S.W. 155; *Moore v. Tate,* 87 Tenn. 725, 11 S.W. 935, 10 Am.St.Rep. 712." 199 Tenn. at 328, 286 S.W.2d at 869.

The petition for divorce in this suit prays that

"* * * proper process issue and be served on the State of Tennessee requiring it to pay into the Registry of this Court wages due the defendant * * * and that *an attachment issue* to accomplish this purpose." (Emphasis supplied.)

■ We have thoroughly searched our statutes dealing with attachment (T.C.A. secs. 23-601 to 23-665) and can find no provision wherein the Legislature has manifested its consent to attachment proceedings brought against the State of Tennessee. As there is no express consent to the attachment proceeding, we are bound by the above authority to dismiss the attachment.

Complainant, in her brief, departs from the original language of her bill (attachment) and urges that "the attachment by garnishment of wages * * * is proper procedure under T.C.A. sec. 26-518". This Code provision, T.C.A. sec. 26-518, reads in part as follows:

"Garnishment of salaries, wages or other compensation due from the state, or from any county or municipality, to any officer or employee thereof is permis-

sible, and no such officer or employee may validly claim any privilege or immunity in that regard; * * *.''

Clearly, this provision gives the consent of the Legislature for the garnishment of the salaries and wages due employees of this state. However, we are convinced that T.C.A. sec. 26-518 is in no way applicable to the case at bar.

■ Before a creditor can utilize the garnishment provisions of T.C.A. sec. 26-518, the creditor must be a judgment creditor, that is, he must have secured a final judgment against the State employee which has not been satisfied by execution.

This is made abundantly clear by the Code sections following the previously discussed section, setting up the procedure for garnishment of State employees. T.C.A. sec. 26-519 states that the budget officer shall ''withhold any amounts then due * * * up to and including the *amount of the judgment* and costs on which the garnishment proceeding was predicated * * *.'' (Emphasis supplied)..

T.C.A. sec. 26-520 reads:

''If the budget officer * * * fails to appear and answer such garnishment, * * * the state is indebted to the defendant to the full amount of the *judgment creditor's demand* * * *.'' (Emphasis supplied.)

Similarly, Tennessee cases uniformly hold that a garnishment in aid of execution must be based upon a valid existing unsatisfied judgment and execution against the principal defendant. *Rowland v. Quarles,* 20 Tenn. App. 470, 100 S.W.2d 991 (1937); *Saunders v. Moore,* 21 Tenn.App. 375, 110 S.W.2d 1047 (1937); *Alley v. Myers,* 2 Tenn.Ch. 206 (1875); *Cavender v. Hewitt,* 145

Tenn. 471, 239 S.W. 767 (1921); *General Truck Sales, Inc. v. Simmons*, 208 Tenn. 51, 343 S.W.2d 884 (1961).

■ The complainant in the case at bar is not a judgment creditor, in fact, she is not a creditor of any type. Thus, she has no right to the garnishment provisions of T.C.A. sec. 26-518.

This case, sub judice, is merely a divorce action wherein the complainant seeks to make the State of Tennessee a party defendant as a means of recovering any money judgment which might be awarded in the divorce decree. We are convinced that the Legislature did not and would not consent to the State of Tennessee being made a party defendant to every divorce action which involved a State employee.

We think complainant's only recourse is to first secure a final judgment in the divorce proceedings. Then, if the judgment cannot be satisfied, garnishment notice could be served upon the budget officer in the department where the garnished employee works. The budget officer would then withhold any amount due the employee which would help to satisfy the judgment. See T.C.A. secs. 26-519 to 26-523.

Left undiscussed thus far is T.C.A. sec. 23-701 which provides for attachment by garnishment. This Code section allows attachment by garnishment where property, choses in action, or effects of the debtor are in the hands of third persons, or third persons are indebted to such debtor. We think that the steps taken by complainant and the language used in her brief show that complainant actually is attempting to proceed under this provision.

■■ Garnishment has two distinct functions in Tennessee, to satisfy a judgment through execution by

garnishment; and, secondly, to serve as a means of commencing an action through an attachment by garnishment. Garnishment as a method of commencing an action in Tennessee is a form of original attachment and may be used whenever the property, choses of action, or effects of the defendant are in the hands of a third person, or when the third person (the garnishee) is indebted to the defendant.

Assuming that the complainant is attempting to commence her lawsuit by garnishment by attachment, as appears likely, the question remains whether such proceeding has been expressly consented to by the Legislature when the State of Tennessee is the garnishee. We think it has not.

As stated previously, the State of Tennessee is immune from suit unless the Legislature has consented to such suit. We have carefully searched our statutes dealing with attachment by garnishment (T.C.A. secs. 23-701 to 23-709) and can find no provision which shows express consent of the Legislature to permit a suit wherein the State is a garnishee in a proceeding begun by attachment by garnishment.

In our opinion, T.C.A. sec. 26-518 applies to a purely garnishment situation where a judgment creditor is permitted to garnishee wages due an employee of the State. Complainant is not a judgment creditor and, therefore, this section is not available to her.

The motion to dismiss made by the State's attorney should have been granted. Reversed and dismissed as to the State. Remanded for further proceedings as to the other parties. The costs incurred on this appeal will be taxed against the complainant.

BURNETT, CHIEF JUSTICE, and DYER and HOLMES, Justices, concur.

CLEMENT SPECIAL JUSTICE, not participating.