# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 21, 2002 Session

## ROBERT LOUIS BROWN v. STATE OF TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, DIVISION OF WORKERS' COMPENSATION

### Appeal from the Circuit Court for Davidson County
### No. 01C-1521     Walter C. Kurtz, Judge

---

### No. M2001-01625-COA-R3-CV - Filed July 16, 2002

---

The appellant suffered an injury while on the job. The Department of Labor and Workforce Development denied him workers' compensation benefits. Appellant sued the state for monetary damages. The trial court dismissed the complaint for lack of subject matter jurisdiction. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., and JAMES L. WEATHERFORD, SR.J., joined.

Robert Louis Brown, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; E. Blaine Sprouse, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

### I.

---

[1]Rule 10 of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellant, Robert Louis Brown, injured his left foot and ankle on September 27, 1999 while employed by the Union Station Hotel in Nashville. He then went to Dr. Kenneth Johnson at Vanderbilt Medical Center for an examination of his left foot and ankle.

It is not clear why Mr. Brown first contacted the State about his injuries, but on November 1, 2000, Gerry Webb, a Workers' Compensation Specialist with the Department of Labor and Workforce Development, wrote Mr. Brown a letter. In this letter she declined to order workers' compensation benefits because, "After review of medical records and facts received on this case, initially I mailed out denial [sic] letter to you in which at the time, AIGS accepted your case until mri was completed by Dr. Johnson. Dr. Johnson initially stated you could work light duty, light duty work would have been available if your [sic] had not resigned your position." Ms. Webb also stated that if Mr. Brown disagreed with this assessment, he should pursue his claim in court.

In the record there are also two letters addressed to Mr. Brown dated in January of 2001 from the Legal Division of the Department of Labor. Both these letters inform Mr. Brown that Ms. Webb denied him benefits because of a lack of proof that a compensable injury occurred. These letters also advise him that this decision has not affected his right to recover benefits under the law and advise him to seek legal counsel to file suit against his employer.

Mr. Brown filed a complaint May 21, 2001 in the Davidson County Circuit Court seeking $50 million in damages from the Department of Labor, Workers' Compensation Division. Mr. Brown's documents are hard to follow and make several different allegations. The main theme of his allegations is that the State committed fraud and made false medical statements in various documents. He repeatedly names Ms. Webb and her letter from November 1, 2000 in his pleadings.

The State filed a Motion to Dismiss on June 5, 2001, based upon a lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted because the State is immune due to sovereign immunity. On June 28, 2001, the trial court entered an Order Granting Defendant's Motion to Dismiss. The court found that it "lack[ed] subject matter jurisdiction because the State is immune from this lawsuit pursuant to the doctrine of sovereign immunity." Mr. Brown appealed.

**II.**

This court reviews the granting of a motion to dismiss *de novo* without a presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Article I, § 17 of the Tennessee Constitution provides that lawsuits against the state are restricted to those matters allowed by the Legislature. Therefore, no lawsuit may be held against the State unless there is express authorization from the Legislature. *Coffman v. City of Pulaski*, 422 S.W.2d 429 (Tenn. 1967). In the case of *State ex rel. Allen v. Cook*, 106 S.W.2d 858, 860, 861 (Tenn. 1937), the Court said:

Article I, Section 17, of the Constitution delegating to the Legislature the power to authorize suits against the state, being in derogation of the state's inherent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which such suits may be brought as to leave nothing to surmise or conjecture.

Tenn. Code Ann. § 20-13-102(a) states:

No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

We have been unable to locate any statutory authority that allows Mr. Brown to sue the State for monetary damages in this situation in the trial courts. The Tennessee Claims Commission has jurisdiction over monetary claims against the State of Tennessee. The suits allowed against the State can be found in Tenn. Code Ann. § 9-8-307(a)(1). There are no provisions to cover Mr. Brown's suit. Therefore, the court has no subject matter jurisdiction over his case.

### III.

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Robert Louis Brown.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-3-