IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2003 Session


## STEVE CONKLIN v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee**
**No. 20200755      Vance W. Cheek, Jr., Commissioner**

**<u>FILED OCTOBER 27, 2003</u>**

**No. E2002-03130-COA-R3-CV**

---

Approximately seventeen years ago, Steve Conklin (Plaintiff") was convicted by a jury in the McMinn County Criminal Court of raping a child under the age of thirteen years. Plaintiff's conviction was affirmed by the Court of Criminal Appeals in 1987. Plaintiff was represented by appointed counsel, Fredric J. Chester, Jr. ("Chester"). Chester represented Plaintiff both at trial and on the direct appeal. Many years later, Plaintiff was granted post-conviction relief based on ineffective assistance of counsel and a new trial was ordered. The State of Tennessee ("State") declined to retry Plaintiff, who then was set free. Plaintiff filed this lawsuit in the Claims Commission ("Commission") against the State seeking monetary compensation for the alleged legal malpractice of Chester which Plaintiff claims resulted in his being imprisoned improperly for fourteen and one-half years. According to Plaintiff, Chester should be deemed a state employee because he was appointed by the court. The State disagreed and filed a motion to dismiss the complaint. The State argued that the Commission lacked subject matter jurisdiction over Plaintiff's legal malpractice claim because Chester was not a "state employee". The Commission dismissed the lawsuit solely because Plaintiff failed to respond timely to the State's motion to dismiss. We hold Chester was not an employee of the state and, therefore, the Commission lacked subject matter jurisdiction over Plaintiff's legal malpractice claim. The result reached by the Commission is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Claims Commission Affirmed; Case Remanded.**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., joined. HOUSTON M. GODDARD, P.J., not participating.

Charles P. Dupree, Chattanooga, Tennessee, for the Appellant Steve Conklin.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Heather C. Ross, Senior Counsel, Nashville, Tennessee, for the Appellee State of Tennessee.

## OPINION

## Background

Plaintiff was prosecuted in the McMinn County Criminal Court for the crime of raping a child under the age of thirteen years. Plaintiff could not afford counsel and Chester was appointed to represent Plaintiff. Chester was employed at the local law firm of Higgins, Biddle & Chester. Plaintiff was convicted of aggravated rape (sexual penetration of a child under the age of thirteen) after a jury trial and sentenced to twenty-five years in prison. A direct appeal was taken and in July 1987, the Court of Criminal Appeals affirmed Plaintiff's conviction and the twenty-five year sentence. *See Conklin v. State*, No. 146, 1987 Tenn. Crim. App. LEXIS 2284 (Tenn. Crim. App. July 22, 1987), *perm. to appeal dismissed Mar. 14, 1988.* Chester also represented Plaintiff on the direct appeal of the aggravated rape conviction.

After Plaintiff's conviction was affirmed by the Court of Criminal Appeals, Plaintiff set about filing numerous petitions for post-conviction relief, with the most recent petition alleging ineffective assistance of counsel. While the record on appeal does not contain a copy of this petition or the criminal court's reasoning as to why Plaintiff was entitled to relief, we know the petition was successful and on November 17, 2000, Plaintiff's conviction was set-aside and a new trial was ordered. For reasons not explained in the record before this Court on appeal, the State declined to retry Plaintiff and the charge against him was voluntarily dismissed.[1] Plaintiff thus became a "free man."

Plaintiff filed his claim with the Division of Claims Administration alleging the State was liable to him for Chester's legal malpractice. Plaintiff's claim was transferred to the Claims Commission where Plaintiff filed his Complaint for Damages. Plaintiff claims that because Chester was appointed by the criminal court to represent him, Chester is to be considered a state employee for any legal malpractice claims arising out of that court appointed representation. According to Plaintiff, Chester's ineffective assistance resulted in Plaintiff's being improperly imprisoned from May 30, 1986, until November 17, 2000. Plaintiff seeks damages from the State in the amount of $1.45 million dollars, representing $100,000 for each year Plaintiff was in prison.

On September 23, 2002, the State filed a motion to dismiss the complaint. The State argued Chester was a partner in the law firm of Higgins, Biddle & Chester, and was not a state employee. The State argued the Commission lacked subject matter jurisdiction because Chester was not a state employee when he represented Plaintiff in the criminal proceedings, and, therefore, the complaint should be dismissed. Plaintiff never responded to the State's motion to dismiss.

---

[1] Contrary to Plaintiff's assertions, the State's decision not to retry him is not equivalent to a determination that Plaintiff was not guilty of the crime with which he was charged. There are many possible reasons why the State may have decided not to retry Plaintiff, some of which have no bearing on his actual guilt or innocence. For example, evidence may have become stale after fourteen and one-half years, or the alleged victim may have refused to reopen this traumatic event from her past, etc.

On October 29, 2002, the Commission dismissed the complaint because Plaintiff failed to respond to the State's motion to dismiss. In so doing, the Commission stated:

> Pursuant to <u>Tennessee Claims Commission Rule No.</u> 0310-1-1-.01(5)(c), failure to make a timely response to a motion essentially constitutes a waiver of any objection to the motion. Responses to motions shall be made no later than fifteen (15) days after service of the motion, except that in case of motions for summary judgment the time shall be thirty (30) days after service of the motion. The State filed its Motion to Dismiss on September 23, 2002. A response to the State's Motion to Dismiss has not been filed with the Clerk of the Tennessee Claims Commission or received by the Commissioner's Office as of the date of this Order.…
>
> For the reasons stated above, the Commissioner hereby **ORDERS** that this claim be and is **DISMISSED**.

After the complaint was dismissed, Plaintiff filed a motion pursuant to Tenn. R. Civ. P. 60.02 seeking to set aside the order of dismissal. Plaintiff claimed no response was filed because his attorney had been attempting to contact the State's attorney to request an extension of time in which to respond to the motion. The Commission denied Plaintiff's motion to set aside the order of dismissal, concluding Plaintiff's counsel's attempt to contact opposing counsel was not a sufficient basis under Rule 60.02 in which to set aside the judgment. The Commission also stated that if counsel needed an extension of time to respond to the motion to dismiss, "the proper party to which he should have sought the extension should have been the Commissioner." Plaintiff appeals, claiming the Commission erred when it dismissed his complaint.

<u>Discussion</u>

Whether the Commission has subject matter jurisdiction over the allegations in Plaintiff's complaint is a question of law. With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). As recently stated by our Supreme Court in *Northland Ins. Co. v. State*, 33 S.W.3d 727 (Tenn. 2000):

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan,* 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the

-3-

nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent. *See State v. Cook*, 171 Tenn. 605, 609, 106 S.W.2d 858, 860 (1937); Tenn. Code Ann. § 20-13-102 ("No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state ... with a view to reach the state, its treasury, funds, or property ..."). As a general interpretive matter, this Court has held that the principle of sovereign immunity requires that legislation authorizing suits against the state must provide for the state's consent in "plain, clear, and unmistakable" terms. *Cook*, 171 Tenn. at 611, 106 S.W.2d at 861; *see also Beare Company v. Olsen*, 711 S.W.2d 603, 605 (Tenn. 1986). We must therefore carefully analyze the statute granting jurisdiction to the Tennessee Claims Commission, which this Court has previously held creates a "sweeping procedure for filing monetary claims against the state." *Hembree v. State*, 925 S.W.2d 513, 516 (Tenn. 1996).

*Northland*, 33 S.W.3d at 729.

In the present case, Plaintiff argues that even if he did not respond timely to the State's motion to dismiss, the Commission nevertheless was required to determine whether the requested relief was appropriate under the law and facts. Plaintiff then argues that because his court appointed attorney was a state employee, the motion to dismiss should not have been granted regardless of whether a response to the motion to dismiss was filed.

The State argues that the Commission was entitled to deem Plaintiff's lack of response to the motion to dismiss as "an [i]ndication that he did not [o]ppose" having his case dismissed. Alternatively, the State argues that the complaint was subject to dismissal because Plaintiff's court appointed attorney was not a state employee and, consequently, the Commission lacked subject matter jurisdiction. In other words, the State argues that had the Commission actually

reached the merits of its motion to dismiss, the claim would have been dismissed anyway. We first will address this alternative argument of the State.

Tenn. Code Ann. § 9-8-307(a)(1)(D) waives the state's immunity for legal malpractice actions when the malpractice is committed by a state employee and there is a professional/client relationship. The statute provides:

> (a)(1)    The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101(3), falling within one (1) or more of the following categories:
>
> * * * *
>
> (D) Legal … malpractice by a state employee; provided, that the state employee has a professional/client relationship with the claimant; ….

The issue of whether a court appointed attorney is considered a state employee is specifically addressed in Tenn. Code Ann. § 8-42-103. In general, this statutory section gives the attorney general discretion to provide legal representation to state employees who have been sued because of certain acts or omissions committed within their scope of employment. The statute provides unequivocally that court appointed attorneys are to be considered state employees, but *only* for purposes of the attorney general having discretion to provide legal representation when a court appointed attorney is sued, assuming the other statutory requirements are met. In relevant part, the statute provides:

> (a)  When a civil action for damages is commenced in any court by any person against any state employee as defined in this chapter for any acts or omissions of the state employee within the scope of the employee's employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain, the attorney general and reporter has the discretion to provide representation to the employee.…
>
> (b) For the exclusive purpose of this section, "state employee" also includes attorneys appointed by a court, or other agency authorized by law to make such appointments, to represent an indigent when a civil action for damages is commenced against such attorney for any act or omission in the course of representing such indigent. *Notwithstanding any provision of law to the contrary, such*

*attorney shall not be considered a state employee for any other purpose including, but not limited to, §§ 9-8-112 and 9-8-307.*

Tenn. Code Ann. § 8-42-103 (emphasis added).

We believe the intent of the legislature is quite clear from the statute itself. Tenn. Code Ann. § 8-42-103(b) clearly states that a court appointed attorney is not considered a "state employee" for purposes Tenn. Code Ann. § 9-8-307, the statutory provision which waives the state's sovereign immunity in certain specific instances and which confers subject matter jurisdiction on the Commission to resolve those claims. Accordingly, the Commission has no subject matter jurisdiction to hear a claim against the State for legal malpractice arising out of the acts or omissions of a court appointed attorney. Notwithstanding the foregoing, if a legal malpractice action is brought against a court appointed attorney, as opposed to the state, arising out of acts or omissions occurring during the court appointed representation, then the attorney general has discretion to provide that attorney with legal representation. The Western Section of this Court reached this very same conclusion in *Taylor v. State*, No. 02A01-9508-BC-00229, 1996 Tenn. App. LEXIS 389 (Tenn. Ct. App. July 3, 1996), *no appl. perm. appeal filed*. In *Taylor*, we affirmed the dismissal of a legal malpractice lawsuit filed with the Commission against the State of Tennessee arising out of alleged acts or omission of a court appointed attorney. We concluded the Commission lacked subject matter jurisdiction over such a claim, reasoning as follows:

> The crux of Title 8, Chapter 42 of the Code is found in T.C.A. § 8-42-103, entitled "Defense Counsel for State Employees." This section states that under certain defined conditions, a state employee who is sued in a civil action for damages for any act or omission in the course of his employment will be provided defense counsel by the state. T.C.A. § 8-42-103(b) states in simple terms that a court-appointed attorney assigned to represent an indigent who is thereafter sued by the indigent for damages arising as a result of this representation is a "state employee," and may avail himself of defense counsel provided by the state. As noted, T.C.A. § 8-42-103(b) specifically provides that such attorney will not be considered a state employee for any other purpose, including, but not limited to, T.C.A. § 9-8-307, which delineates the jurisdiction of the Tennessee Claims Commission.
>
> The order of the commissioner dismissing claimant's suit is affirmed.…

*Taylor*, 1996 Tenn. App. LEXIS 389, at **3, 4.

In the present case, we agree with the State that the Commission has no subject matter jurisdiction over the allegations contained within Plaintiff's complaint because Plaintiff's court

appointed attorney was not a state employee, and for this reason the complaint was subject to dismissal. Even though the Commission never decided this issue, it nevertheless reached the correct result when it dismissed the complaint because Plaintiff did not respond to the State's Motion to Dismiss . We affirm the Commission's judgment dismissing the complaint, although for the reasons discussed above. *See Basily v. Rain, Inc.*, 29 S.W.3d 879, 884 n.3 (Tenn. Ct. App. 2000)("We may affirm a judgment upon different grounds than those relied on by the trial court when the trial court has reached the correct result."). The remaining issue of whether the Commission erred in dismissing the complaint solely because Plaintiff did not file a timely response is pretermitted.

## Conclusion

The judgment of the Claims Commission is affirmed, and this cause is remanded to the Commission for further proceedings as are necessary, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant Steve Conklin and his surety.

_____
D. MICHAEL SWINEY, JUDGE