IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 7, 2003

## RONALD PAUL v. STATE OF TENNESSEE

Appeal from the Tennessee Claims Commission
No. 99000874

### No. M2003-01244-COA-R9-CV - Filed December 16, 2003

Appellant, a state prison inmate, filed a claim with the Tennessee Claims Commission against the State of Tennessee for the alleged malpractice of Dr. Paul Somers, a physician acting under contract with the Department of Corrections, to provide medical care for inmates. The Commission granted summary judgment on the basis that Dr. Somers was not a "state employee" within the meaning of Tennessee Code Annotated section 8-42-101(a)(3). We affirm the action of the Commission.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Tennessee Claims Commission Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., and FRANK G. CLEMENT, JR., J., joined.

Ronald Paul, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The facts of this case and the plaintiff's allegation of damages as asserted in the corrected Notice of Claim filed by Appellant in the Division of Claims Administration on November 19, 1998 are[1]:

> In August of 1997, while an inmate in the custody of the Tennessee Department of Correction, I was transferred to the Department's Special Needs Facility, 7575 Cockrill Bend-Industrial Road, Nashville, Tennessee. While

---

[1] On summary judgment motion, the facts must be considered in the light most favorable to Plaintiff and all reasonable inferences from such facts must be indulged in Plaintiff's favor. *Byrd v. Hall*, 847 S.W.2d 28 (Tenn.1993).

temporarily confined there, I underwent surgery intended to correct a "hammer toe" condition. That surgery was performed by Dr. Paul J. Somers, Jr., of the American Foot Care Center, P.C., 311 White Bridge Road, Nashville, Tennessee. Dr. Somers was then in a contractual relationship with the State of Tennessee to provide podiatric care for inmates requiring such.

In late November of 1997, after having returned to the Wayne County Annex, at which facility I am permanently housed within the Department, I again experienced problems with my toes. Upon reporting same to the medical staff at Wayne County Annex, I learned for the first time that, in connection with the August 1997 surgery, all of the bones had been removed from two of my toes. I further learned that this was not the procedure which should have been followed to correct my hammer toe condition; that, as a result of this procedure, I have permanently lost the use of two of my toes; and that it may become necessary to amputate those now useless toes at some future date. It was at this time, in late November of 1997 and therefore less than one year from the date hereof, that I first became aware of the negligence which is the subject of this claim.

I have permanently lost the use of two of my toes, and those toes may need to be amputated at some future date. The State of Tennessee is liable to me for damages in this matter, pursuant to T.C.A. Sec. 9-8-307(a)(1)(E), imposing liability for the negligent care, custody and control of persons. I claim actual damages in this matter in the amount of $300,000.00 and request that the State compensate me in this amount.

By the provisions of Tennessee Code Annotated section 9-8-307(a)(1), the state is liable for "acts or omissions of 'state employees' as defined in section 8-42-101(3)."

Tennessee Code Annotated section 8-42-101(a)(3) provides the following definition:

'State employee' means any person who is a state official, including members of the general assembly and legislative officials elected by the general assembly, or any person who is employed in the service of and whose compensation is payable by the state, or any person who is employed by the state whose compensation is paid in whole or in part from federal funds, but does not include any person employed on a contractual or percentage basis.

Tenn. Code Ann. § 8-42-101(a)(3)(A)(Supp.1998).

The only defendant in this case is the State of Tennessee. Sovereign immunity is the rule in Tennessee and has been abrogated only to the extent that statutory provisions allow actions against the state.

Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may

by law direct." This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent. *See State v. Cook*, 171 Tenn. 605, 609, 106 S.W.2d 858, 860 (1937); Tenn.Code Ann. § 20-13-102 ("No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state . . . with a view to reach the state, its treasury, funds, or property . . ."). As a general interpretive matter, this Court has held that the principle of sovereign immunity requires that legislation authorizing suits against the state must provide for the state's consent in "plain, clear, and unmistakable" terms. *Cook*, 171 Tenn. at 611, 106 S.W.2d at 861; . . .

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn.2000).

Appellant seeks to avoid sovereign immunity by invoking *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250 and 101 L.Ed.2d 40 (1988). *West* involves a federal civil rights claim wherein plaintiff sought recovery against a contract physician based upon violation of the Eighth Amendment to the United States Constitution. *See* 42 USC § 1983; *West*, 487 U.S. at 42, 108 S.Ct. at 2251. The Supreme Court held that the action of the contract physician in providing care to prison inmates was under color of state law within the meaning of section 1983. The United States Supreme Court observed:

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U. S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U. S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U. S. 149, 155 (1978). Petitioner West sought to fulfill the first requirement by alleging a violation of his rights secured by the Eighth Amendment under *Estelle v. Gamble*, 429 U. S. 97 (1976). There the Court held that deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or a prison guard, is prohibited by the Eighth Amendment. *Id.*, at 104-105. The adequacy of West's allegation and the sufficiency of his showing on this element of his § 1983 cause of action are not contested here. The only issue before us is whether petitioner has established the second essential element – that respondent acted under color of state law in treating West's injury.

*West v. Atkins*, 487 U.S. at 48-9; 108 S.Ct. at 2254-5, 101 L.Ed.2d at 48-9 (1988).

Appellant in this case acts pro se in his appeal, but it may be noted that he was previously represented by Lionel Barrett, formerly of the Nashville Bar and by Monte Watkins of the Nashville Bar. At no point in his complaint does he ever allege either of the prerequisites to section 1983 liability. He neither asserts a claim based on the United States Constitution or upon federal law, nor does he aver that Dr. Somers was acting "under color of state law." If one applies the Eighth Amendment context of *West*, nothing alleged rises to the dignity of an Eighth Amendment violation.

Similarly, in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct.285, 50 L.Ed.2d 251 (1976) (footnote omitted).

Dr. Somers was not a "state employee" within the meaning of Tennessee Code Annotated section 8-42-101(a)(3)(A)(Supp.1998).

Summary judgment was properly granted and the action of the Commission is affirmed.

Costs of this cause are assessed to the appellant and the case is remanded for collection of costs.

_____
WILLIAM B. CAIN, JUDGE