IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief May 25, 2004

## DAVID SHARP v. STATE OF TENNESSEE

**Direct Appeal from the Claims Commission of the State of Tennessee**
**No. 20-300-947      Nancy C. Miller-Herron, Commissioner**

_____

**No. W2004-00044-COA-R3-CV - June 16, 2004**

_____

An inmate filed a claim with the Claims Commission contending negligence on the part of the Tennessee Department of Correction in miscalculating his sentence credits. The Commission dismissed for lack of jurisdiction, the inmate appealed, and we affirm.

**Tenn. R. App. P 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

David H. Sharp, *Pro se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore Solicitor General and John H. Sinclair, Jr., Assistant Attorney General, for the State of Tennessee.

**MEMORANDUM OPINION**[1]

David Sharp, an inmate in custody of the Tennessee Department of Correction (TDOC), filed a claim with the Division of Claims Administration. The claim was transferred to the Claims Commission on April 22, 2003. The basis of the claim was that the TDOC negligently, willfully and maliciously miscalculated Mr. Sharp's sentence credits. Claimant sought damages in the amount of $500,000 for loss of wages and loss of freedom.

_____

[1]**RULE 10.  MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The State filed a motion to dismiss pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure on the basis that the Claims Commission lacked jurisdiction to hear the claim and the motion was granted. Mr. Sharp appeals, contending that the granting of the motion to dismiss was in error.

Generally, an appeal from the Tennessee Claims Commission is reviewed *de novo* with a presumption of correctness in its findings of fact. *See Dobson v. State*, 23 S.W.3d 324, 328-29 (Tenn. Ct. App. 1999). However, in reviewing a dismissal pursuant to Rule 12.02, we assume all the Plaintiff's allegations to be true and review the lower court's conclusions *de novo* with no presumption of correctness. *See King v. Danek Medical, Inc.*, 37 S.W.3d 429, 453-54 (Tenn. Ct. App. 2000). Whether subject matter jurisdiction exists is a question of law. Therefore, our standard of review is *de novo* without a presumption of correctness. *See Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

Mr. Sharp asserts on appeal that "[t]his is a negligence action under T.C.A. § 9-8-307(a)(1)(E)."

In addressing the doctrine of sovereign immunity, our supreme court, speaking through Chief Justice Drowota, recently stated as follows:

> Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent. *See State v. Cook*, 171 Tenn. 605, 609, 106 S.W.2d 858, 860 (1937); Tenn. Code Ann. § 20-13-102 ("No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state . . . with a view to reach the state, its treasury, funds, or property . . ."). As a general interpretive matter this Court has held that the principle of sovereign immunity requires that legislation authorizing suits against the state must provide for the state's consent in "plain, clear, and unmistakable" terms. *Cook*, 171 Tenn. at 611, 106 S.W.2d at 861; *see also Beare Company v. Olsen*, 711 S.W.2d 603, 605 (Tenn. 1986). We must therefore carefully analyze the statute granting jurisdiction to the Tennessee Claims Commission, which this Court has previously held creates a "sweeping procedure for filing monetary claims against the state." *Hembree v. State*, 925 S.W.2d 513, 516 (Tenn. 1996).

*Northland Ins. Co.*, 33 S.W.3d at 729.

Tennessee Code Annotated § 9-8-307 states that the Commission has "exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees" . . . falling within one (1) or more of the following categories [.]" Tenn. Code Ann. § 9-8-307(a)(1). Mr. Sharp relies upon section 9-8-307(a)(1)(E)(Negligent care, custody, and control of persons). It is provided in section 9-8-307(a)(3) that "[i]t is the intent of the general assembly that

the jurisdiction of the claims commission be liberally construed to implement the remedial purposes of this legislation." We are inclined to agree with the Claims Commission that Mr. Sharp's claim of negligent miscalculation of his sentence credits does not fall within the jurisdictional statute. Mr. Sharp has cited no authority to convince us otherwise.

Mr. Sharp next argues that "Appellee had a duty of care to appellant. This duty was established by the Tennessee Legislature as a matter of right through T.C.A. 4-1-103 Oath of Office of Officers' and employees which mandated that appellee followed Appellee's administrative policies including 505.01, Sentence Credits." Tennessee Code Annotated § 9-8-307(a)(1)(N) states that the Claims Commission has jurisdiction to decide monetary claims against the state for the

> [n]egligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions[.]

Therefore, the above statute conferring jurisdiction on the Claims Commission specifies that Mr. Sharp must show that this statute allegedly violated by the state *expressly* grants individuals a private right of action to enforce those rights. For every statutory right allegedly violated by the state, Mr. Sharp must reference explicit statutory language that would grant him the private right of action to enforce the statute. Mr. Sharp's claim states, in pertinent part, that the TDOC negligently miscalculated his sentence credits "in violation of T.C.A. §§ 41-332 and 41-334. In July 1, 1981, TCA §§ 41-332 and 41-334 was [sic] abrogated and a new sentencing statute enacted, T.C.A. §§ 41-21-229 and 41-21-230 which sets out how prisoners such as myself are to obtain good conduct sentence credits . . . ." Mr. Sharp has not cited express language in the statutes relied upon that granted a private right of action in his favor. We have further reviewed Tenn. Code Ann. § 41-21-236. **Sentence reduction credits**. We likewise failed to find such express language in that statute. Accordingly, we hold that the Tennessee Claims Commission lacked the subject matter jurisdiction to hear Mr. Sharp's claim and that dismissal under Rule 12.02 of the Tennessee Rules of Civil Procedure was proper in this case.

An inmate who contends that he has not been given proper sentence reduction credits is not without recourse but may avail himself of the Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, et seq. *See James A. Vaughn v. State*, No. 01 CO1-9308-CR-00258 (Tenn. Crim. App., Nashville, Feb. 24, 1994); *see also Russell Kirby v. State*, No. 03 CO1-9309-CR-00303 (Tenn. Crim. App., Knoxville, Aug. 22, 1994).

The decision of the Claims Commission is affirmed. The costs of this appeal are taxed to the Appellant, David Sharp, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE