**James T. FITE, Pro Se, et al, Plaintiffs/Appellants,**

v.

**STATE of Tennessee, Carolyn & Comer Nabors, Frank E. England, Jr. and Board of Paroles, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 12, 1995.

Application for Permission to Appeal Denied by Supreme Court Nov. 6, 1995.

James T. Fite, Mountain City, and Robbie Maddux Fite, Lebanon, Plaintiffs/Appellants Pro Se.

Charles W. Burson, Attorney General and Reporter and Jeffrey L. Hill, Assistant Attorney General, Civil Rights & Claims Division, Nashville, for appellee.

## OPINION

TODD, Presiding Judge (Middle Section).

The captioned plaintiffs have appealed from the judgment of the Trial Court dismissing this suit for lack of jurisdiction.

The complaint states:

The plaintiff states that the defendants have breached a governmental contract to a plea agreement, entered thereto by the defendant/state government on August 31st, 1988, and then signed thereto by the Court on: Nov. 4th, 1988.

... Under T.C.A. § 47–50–109 this Court may enforce such contract breach, when entered by other State Government officials to such terms as promised....

*Parties*

*Plaintiff:*

(1): James T. Fite # 124241, at N.E.C.C., P.O. Box 5000, Mountain City, Tennessee 37683–5000.

(2): Co–Plaintiff to be added later: Robbie Maddux Fite, 1822 A. Holloway Circle, Lebanon, Tenn. 37087, against defendant/State of Tennessee, Board of Paroles.

*Defendants:*

(1): State of Tennessee, C/O: Comptroller, William R. Snodgrass, at State Capital, 1st Floor, Nashville, Tennessee 37219.

(2): Carolyn and Comer Nabors, at 627 Rice Circle Drive, Cookeville, Tennessee 38501.

(3): Frank E. England, Jr., at C/O: Board of Paroles, Staff Attorney Teresa Thomas, at Parkway Towers Suite 1300, 404 James Robertson Parkway, Nashville, Tennessee 37219.

(4): Board of Paroles,· C/O: Chairman, Charles Traughber, at Parkway Towers, Suite 1300, 404 James Robertson Parkway, Nashville, Tennessee 37219.

*Capacity of Each Defendants*

The defendants/Carolyn and Comer Nabors, are being sued in their personal and individual capacities, in violation of an agreed entry by the Court, to avoid a trial on the defendants. Provisions of T.C.A. § 8–7–206(3), set forth that the D.A. Deb Smith, informed the defendants of such agreement made in exchange for a guilty plea agreement, and that service of the sentence the Judge entered would only be 30% to be served. To such effect the defendants on: March 15th, 1994 breached such terms, when no opposition or objections were made when entered.

The def/England, State Agent for Government, and Board of Paroles, on: March 15th, 1994 considered to void such plea bargain, by contract, in violation of a term and promise entered thereby State Government Agent in 1988, and void the terms of T.C.A. § 40–35–501[7](b), and (k), and without (j) being rendered before the Court which entered the agreement.

The def/State of Tennessee is liable for the actions ...

The def/State of Tennessee contrary to T.C.A. § 40–38–103(c), provide such power of its agents of the Government to enter into any contract or plea agreements by written form and oral, in a court of law or etc. The defendant here has allowed its Agents of State Government to breach such terms and conditions as promised when agreed thereto before the Courts of this State Government. This surely violates T.C.A. § 47–50–109, and T.C.A. § 40–35–501[7](b), (j), and (k).

As best can be derived from the obscure language of the complaint, its gravamen is that plaintiff, James T. Fite, was charged with committing some offense against Carolyn and Comer Nabors, and a plea agreement was made with him by a representative of the State which agreement was violated by other representatives of the State, for which violation damages are sought by Fite and his wife.

■ The record contains a summons issued for service upon Carolyn and Comer Nabors. The return as to Carolyn states: "Returned there is no 627 Rice Circle Drive, unable to locate." As to Comer Nabors, the return states: "Comer Nabors is deceased." The record contains no indication of any action relating to these two defendants, neither of whom is properly before the courts. The suit against them is therefore dismissed for lack of service of process and failure to timely reissue same. T.R.C.P. Rule 3.

The remaining defendants are all alleged to be agents of the State of Tennessee.

■ As to the action against the State of Tennessee, neither the Trial Court nor this Court has jurisdiction. The State, as sovereign is immune from suit, except as it consents to be sued. *Constitution of Tennessee,* Art. 1 § 17; T.C.A. § 20–13–102; *Woolsey v. Hunt,* (6th Cir.), 932 F.2d 555, cert. den. 502 U.S. 867, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991); *Brewington v. Brewington,* 215 Tenn. 475, 387 S.W.2d 777 (1965); *Austin v. City of Memphis,* (Tenn.App.1984), 684 S.W.2d 624.

Monetary claims against the State must be presented through the Claims Commission and not through the Courts. T.C.A. Title 9, Chapter 8.

Although it has been held that T.C.A. § 4–5–224 authorizes declaratory judgment suits against the State in certain matters, *Slagle v. Reynolds,* (Tenn.1992), 845 S.W.2d 167, the present suit does not fall within the category covered by said decision.

■ The complaint states no claim against the individual defendants for which relief can be granted. Viewed in its most favorable light, the complaint seems to allege that someone at the trial level promised him that he would be paroled after a given time and that someone else connected with the parole board failed to perform the promise. Such allegations fail to state an identifiable right of action against any of the named defendants.

In short, the suit as stated in the complaint is groundless as a matter of law and deserves nothing but dismissal.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against plaintiffs. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.